IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01617-BNB

THOMAS LEE JOHNSON,

Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO,
GOVERNOR OF THE STATE OF COLORADO, Bill Owens,
ATTORNEY GENERAL OF THE STATE OF COLORADO, John Suthers,
EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF CORRECTIONS,
    Joe Ortiz, and
WARDEN OF THE FREMONT CORRECTIONAL FACILITY, Al Estep,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 17 2006

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

Applicant Thomas Lee Johnson filed *pro se* on October 10, 2006, a letter disagreeing with the basis for the order and judgment of dismissal filed on September 28, 2006. Mr. Johnson asks the Court to reconsider and vacate the September 28 dismissal order. The Court must construe the letter liberally because Mr. Johnson is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the letter will be construed liberally as a motion to reconsider, and the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Johnson filed the liberally construed motion to reconsider within ten days after the order and judgment of dismissal. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court denied the habeas corpus application and dismissed the instant action without prejudice for failure to cure the designated deficiencies. The Court specifically determined that Mr. Johnson failed to submit a certified account statement because nothing on the account statement he submitted indicated that it was certified by "the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution" as required by Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts. The reasons for the dismissal are discussed in detail in the order and judgment of dismissal filed on September 28, 2006.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Johnson fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988).

Mr. Johnson does not allege the existence of any new law or evidence, and the Court remains convinced that Mr. Johnson failed to submit a properly certified copy of his trust fund account statement. Therefore, the liberally construed motion to

reconsider will be denied. Accordingly, it is

ORDERED that the letter that Applicant Thomas Lee Johnson filed *pro se* on October 10, 2006, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 17 day of Oct., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01617-BNB

Thomas Lee Johnson
Prisoner No. 111808
Fremont Corr. Facility
PO Box 999
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/17/06

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk